

**Signed April 12, 2011.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| S.H. LEGGITT COMPANY | § | |
|  | § | Case No. 10-10279-HCM |
| Debtor | § | |
|  | § | (Chapter 11) |

**MEMORANDUM OPINION
AND ORDER ON MOTION FOR DECLARATION THAT
<u>AUTOMATIC STAY IS INAPPLICABLE OR IN ALTERNATIVE LIFTING THE STAY</u>**

On April 11, 2011, the Court conducted a hearing on the Motion for an Order Declaring the Automatic Stay Inapplicable, or in the Alternative, Lifting the Stay ("Motion") filed by Audie Dragon, Sr. and John B. Howard, on behalf of themselves and purportedly on behalf of all others similarly situated ("Plaintiffs") (dkt. no. 226). S.H. Leggitt Company, the debtor in this bankruptcy case ("Debtor"), and the Official Committee of Unsecured Creditors in this bankruptcy case ("Committee"), each filed Responses to the Motion. After considering the Motion, the Responses, the evidence, admitted exhibits, legal authorities, and the statements and argument of counsel for the respective parties, the Court makes the following findings and conclusions.

The Court has jurisdiction over the Motion under 28 U.S.C. §§157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B). This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (Bankruptcy Rules").

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed suit against Vanguard Industries, Inc., Vanguard Plastics, Inc., and Vanguard Piping Systems, Inc. (collectively "Vanguard Companies"), as Defendants, in the District Court of McPherson County, Kansas ("State Court"), case no. 01-C-98 ("State Court Suit"). The Debtor, Vanguard Plastics, Inc. ("VPI"), Viega, Inc., and others entered into the VPI Escrow Agreement dated October 14, 2005 ("Escrow Agreement"), whereby approximately $4,530,286 has been deposited into escrow ("Escrow Funds"). The Escrow Agreement was entered into in connection with a Stock Purchase Agreement dated September 23, 2005 between Viega, Inc., Vanguard Industries, Inc., the Debtor and others ("Stock Purchase Agreement").

In general, through the Motion, Plaintiffs request this Court to determine and declare that the automatic stay in the Debtor's bankruptcy case (11 U.S.C. §362) does not apply to the State Court Suit and that the Debtor has no interest in the Escrow Funds protected by the automatic stay, or in the alternative, to lift the automatic stay. In general, the Debtor and the Committee oppose the Motion and assert that the Debtor has an interest in the Escrow Funds which are property of the Debtor's bankruptcy estate, that the automatic stay applies and should not be lifted. The Debtor and Committee further contend that the issue regarding whether the Debtor's bankruptcy estate has an interest in the Escrow Funds and the extent of such interest should be

2

determined through an adversary proceeding filed by the Debtor and the Committee against Plaintiffs, the Vanguard Companies and others in this Court, adversary no. 11-1031 ("Adversary Proceeding").

## II. LEGAL ANALYSIS

On February 2, 2010, the Debtor filed a voluntary Chapter 11 bankruptcy petition in this Court. Section 541 of the Bankruptcy Code (11 U.S.C. §541(a)(1)) broadly defines property of the Debtor's bankruptcy estate as "all legal or equitable interests" of the Debtor in property as of commencement of the Debtor's bankruptcy case (February 2, 2010), wherever located and by whomever held.[1] In turn, section 362 of the Bankruptcy Code (11 U.S.C. §362(a)) imposes an "automatic stay", applicable to all entities, which prohibits any act to obtain possession of or from property of the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate. Section 362(d) of the Bankruptcy Code (11 U.S.C. §362(d)) provides that the Bankruptcy Court shall grant relief from the automatic stay under certain circumstances, including for "cause".

### A. Does the Debtor have an Interest in the Escrow Funds that is Property of the Bankruptcy Estate and Subject to the Automatic Stay?

The Fifth Circuit has held that the automatic stay of 11 U.S.C. §362(a) has broad application, and in the face of uncertainty or ambiguity, courts should presume that "arguable property" of a debtor's bankruptcy estate is protected by the automatic stay.

---

[1] 28 U.S.C. §1334(e) grants "exclusive jurisdiction" over all property, wherever located, of the debtor as of the commencement of a bankruptcy case, and of property of the bankruptcy estate, in the federal District Court in which a debtor's bankruptcy case is pending. Pursuant to Standing Order of the U.S. District Court for the Western District of Texas (consistent with standing orders entered by District Courts throughout the country), the U.S. District Court in this District has referred bankruptcy cases to this Court. Accordingly this Court, as the Bankruptcy Court where the Debtor's case is pending and a unit of the District Court, has exclusive jurisdiction over all property of the Debtor and property of the Debtor's bankruptcy estate.

3

*See In re Chesnut,* 422 F.3d 298, 303-304 (5th Cir. 2005). Whether an asset is property of the bankruptcy estate is a "legal determination which frequently entails complex analyses involving a number of legal elements and a variety of facts". *Chesnut,* 422 F.3d at 303.

Here, the Debtor's interest in the Escrow Funds is, at a minimum, "arguable property" of the Debtor's bankruptcy estate. On the one hand, Plaintiffs contend that the Debtor has no interest in the Escrow Funds and thus the funds are not property of the bankruptcy estate, and assert that VPI (an entity in which the Debtor is only a shareholder) is the party with any potential interest in the Escrow Funds. On the other hand, the Debtor and the Committee assert that the Debtor does have an interest in the Escrow Funds that is property of the bankruptcy estate of the Debtor. Although the parties obviously could not and would not agree on whether the Debtor's bankruptcy estate had an interest in the Escrow Funds, the evidence provided to this Court demonstrated that, at most, the Debtor would have a right to claim 47.2% of the approximately $4,530,286 Escrow Funds (or approximately $2,138,295).

A determination of whether the Debtor's interest (if any) in the Escrow Funds is actually property of the bankruptcy estate of the Debtor involves a complex legal analysis and numerous facts. At the hearing on the Motion, the Court was presented with evidence of only pieces of this jigsaw puzzle. On its face, the Debtor is a party to the Escrow Agreement and it was executed by the Debtor. One provision of the Escrow Agreement appears to provide that upon termination of the Escrow Agreement, the remaining amount of the Escrow Funds will be disbursed to VPI, which in turn would presumably be delivered to the Debtor as a shareholder of VPI. Another provision of the Escrow Agreement appears to provide that the Shareholder Representative may

4

designate the recipient of a disbursement of the Escrow Funds, which presumably could be the Debtor directly. On its face, the Stock Purchase Agreement appears to reflect that a portion of the transaction purchase price otherwise payable to the Debtor was deposited into the Escrow Funds. Another related agreement (the Shareholder Representative Agreement dated October, 2005 between the Debtor, William H. Seiler, Jr., and others) seems to provide that the Shareholder Representative would be authorized to disburse amounts directly to shareholders (i.e., the Debtor), upon termination of the Escrow Agreement.

The Fifth Circuit has found that if a debtor has a contingent interest in an escrow fund and the contingency of the escrow was not fulfilled prior to the bankruptcy filing of the debtor, the debtor holds an "interest" in property of the escrow fund. *See In re Missionary Baptist Foundation of America, Inc.,* 792 F.2d 502, 506 (5th Cir. 1986) (ultimately holding that escrow funds were property of debtor's bankruptcy estate). Here, the Debtor appears to have, at least, a contingent interest in the Escrow Funds under the terms of the Escrow Agreement, the Stock Purchase Agreement, and Shareholder Representative Agreement.

By the conclusion of the hearing on the Motion, it became apparent to the Court that the record the parties were able to present would be insufficient for the Court to make a definitive ruling on whether the Debtor's interest (if any) in the Escrow Funds were property of the Debtor's bankruptcy estate or not property of the Debtor's bankruptcy estate. It became clear, however, that the Debtor's interest in the Escrow Funds is, at a minimum, "arguable property" of the Debtor's bankruptcy estate that is the subject of a "non-frivolous dispute"; and thus the automatic stay of 11 U.S.C. §362 should and does apply to a portion of the Escrow Funds unless and until it is determined

5

by this Court that the Debtor's interest in the Escrow Funds is not property of the Debtor's bankruptcy estate. *See Chesnut,* 422 F.3d at 303-304.

### B. Should a Declaration and Determination of Whether the Debtor's Interest in the Escrow Funds is Property of the Bankruptcy Estate be made through the Motion as a Contested Matter or in the Adversary Proceeding?

The parties also disagree regarding the proper procedural method for the Court to determine and grant declaratory relief regarding whether or not the Debtor's interest (if any) in the Escrow Funds is property of the Debtor's bankruptcy estate. Plaintiffs contend that such declaration should be made by this Court under the Motion, which is a "contested matter" under Bankruptcy Rule 9014. The Debtor and the Committee contend that such declaration and determination should be made only through the Adversary Proceeding they have filed, which is akin to a suit inside the bankruptcy case (with a complaint, specific parties, summons, answer and other procedural safeguards) under Bankruptcy Rule 7001. In support, the Debtor and the Committee cite to Bankruptcy Rule 7001(2) and (9), which requires that "a proceeding to determine the…validity…or extent of…interest in property" and a proceeding for a "declaratory judgment" regarding the same, must be filed as and adjudicated in an adversary proceeding.

Under some circumstances, courts have made declarations of the applicability of the automatic stay and what constitutes property of the estate through a motion for relief from stay (such as a Motion like Plaintiffs have filed). Under other circumstances, courts have required that declarations and determinations be made through an adversary proceeding. *See e.g., In re Three Strokes Ltd. Partnership,* 397 B.R. 804, 807 (Bankr. N.D. Tex. 2008)(a "simple request" for determination as to the applicability

6

of the automatic stay is not required to be filed as an adversary proceeding under Bankruptcy Rule 7001); *In re Cadiz Properties, Inc.*, 278 B.R. 744, 746 (Bankr. N.D. Tex. 2002)(a "material dispute" over ownership of property cannot be adjudicated by motion as a contested matter, and instead should be adjudicated in an adversary proceeding).

The Court agrees that a declaration and determination of the applicability of the automatic stay to property of a bankruptcy estate may be accomplished through a "contested matter" motion without an adversary proceeding, in many (if not most) situations, particularly if they are relatively "simple" situations. In this case however, the situation is far from "simple", as it involves intertwined facts, numerous potentially impacted parties, and complex transactional documents. The Court is unable to make such a declaration and determination based on the limited and incomplete record before it in connection with the hearing on the Motion, which featured no testimony, limited evidence, and only parts of some of the transactional documents.

Accordingly, the Court concludes that a determination and declaration of whether and the extent the Debtor has an interest in the Escrow Funds and whether such interest is property of the Debtor's bankruptcy estate, must be made as part of the Adversary Proceeding and not through the Motion.

### C. Has Cause Been Established to Lift the Automatic Stay to Permit the State Court Suit to Proceed?

Through the Motion, Plaintiffs have also requested relief from the automatic stay so that the State Court Suit can proceed for "cause" under 11 U.S.C. §362(d)(1). The Court finds that Plaintiffs have established "cause" for lifting the automatic stay under 11 U.S.C. §362(d)(1) so that the State Court Suit can proceed, subject to the limitations

described in paragraphs 2 and 3 of the Order below with respect to the Escrow Funds.

A bankruptcy court has authority to lift the automatic stay to permit litigation to proceed in a non-bankruptcy forum for cause, as determined on a case by case basis. Courts consider several factors in this regard. *See e.g., In re Fowler*, 259 B.R. 856, 858 (Bankr. E. D. Tex. 2001); *In re Erickson*, 330 B.R. 346 (Bankr. D. Conn. 2005). Key to this Court's determination are the interests of judicial economy, expeditious and economical resolution of the litigation, comity, jurisdiction, and balancing of the harm between the parties.

The State Court (and any appellate tribunals) are certainly the best and proper forum for and should move forward with the certification or decertification of any class of Plaintiffs, and adjudication of the validity and amount of any claims held by Plaintiffs against the Vanguard Companies. Many of such issues will require interpretation of Kansas law, and perhaps other state laws. The State Court Suit has apparently already been to the Kansas Supreme Court twice on issues relating to class certification. Further, this Court would likely lack jurisdiction to determine whether to certify a class of Plaintiffs (non-debtor parties) making claims against the Vanguard Companies (non-debtor parties), and to determine the validity and amount of claims made by Plaintiffs (non-debtor parties) against the Vanguard Companies (non-debtor parties). The Debtor's interest (if any) in the Escrow Funds can be protected by the automatic stay.

Accordingly, the Court concludes that the automatic stay should be lifted so the State Court Suit can proceed in all respects, subject to the limitations described in paragraphs 2 and 3 of the Order below with respect to the Escrow Funds.

8

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes and finds that the following Order should be entered. THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The automatic stay of 11 U.S.C. §362 is hereby lifted to permit the State Court Suit to proceed in all respects, subject to the limitations provided in paragraphs 2 and 3 below.

2. No funds shall be distributed out of the Escrow Funds that would cause the Escrow Funds to contain less than the amount of $2,138,295 (47.2% of the Escrow Funds), without approval of this Court;

3. The automatic stay of 11 U.S.C. §362(a) shall remain in place with respect to $2,138,295 of the Escrow Funds (47.2 % of the Escrow Funds), until a final judgment is entered by this Court in the Adversary Proceeding determining the extent of the Debtor's interest in the Escrow Funds or other order of this Court;

4. Any or all of the parties in the Adversary Proceeding may move for an expedited adjudication of the Adversary Proceeding in this Court, consistent with the Bankruptcy Rules and due process rights.

###